**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DANIEL RAY GRAYSON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. CIV-08-349-JHP |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

## ORDER

This is a proceeding initiated by the above named Petitioner who is currently an inmate at the Federal Correctional Institution in Yazoo City, Mississippi. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the Judgment and Sentence of the United States District Court for the Eastern District of Oklahoma, in Case No. CR-06-15-JHP is unlawful.

The Respondent filed a response by and through the United States Attorney for the Eastern District of Oklahoma. The Court conducted a hearing on June 3, 2009, at which Petitioner was represented by appointed counsel, Terry L. Weber and Respondent was represented by AUSA, Eric O. Johnston. Additionally, the Court has reviewed the relevant trial court records associated with Case No. CR-06-15-JHP, as

well as the affidavits of Petitioner's counsel, and the Assistant United States Attorney, attached as Exhibits 1 and 2 to the Government's Response. The records reflect an indictment was filed on February 15, 2006, charging Petitioner and his co-defendants with Conspiracy to Possess with Intent to Distribute Methamphetamine, Marijuana, and Cocaine Powder in violation of Title 21, United States Code, Section 846, in the Eastern District of Oklahoma.

After a two day trial, a jury convicted the Petitioner on October 4, 2006. The court sentenced Petitioner to 360 months imprisonment on January 19, 2007, and entered its judgment on January 25, 2007.

Petitioner appealed his conviction and sentence. Petitioner challenged the Court's admission of a photograph, sufficiency of the evidence, and refusal to downward depart on his sentence. The Tenth Circuit Court of Appeals found no error and affirmed Petitioner's conviction and sentence. *United States v. Grayson*, 258 Fed. Appx. 170 (10th Cir.0, cert. denied, 126 S.Ct. 1725 (2008).

On September 25, 2008, Petitioner filed a motion pursuant to Title 28, United States Code, §2255. Petitioner argues his trial attorney was ineffective because he did not convey a plea offer made by the prosecution, failed to make an objection at sentencing regarding *Jencks* material, and, as a result, did not press a claim regarding the sentencing *Jencks* objection on appeal.

Petitioner's claim of ineffective assistance of counsel is governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id*. at 667. Failure to establish either prong of the Strickland standard will result in a denial of Petitioner's Sixth Amendment claims. *Id*. at 696. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in *Strickland*,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id*. at 689. In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id*.

The Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); *see also Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th

*Cir. 1997)(holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective).* This Court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).*

The record reveals Petitioner's counsel made no errors warranting reversal. United States v. Cox*, 934 F.2d 1114, 1123 (10th Cir. 1991).* Petitioner provides no facts or other evidence to support his claim that his counsel was ineffective for failing to advise him of a plea offer made by the United States Attorney. Further, Petitioner does not support his contention that counsel failed to discuss a reduction for acceptance of responsibility. Petitioner's statements are nothing more than conclusory arguments, without supporting factual basis, and are insufficient to support this ineffective assistance of counsel claim. United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).*

Further, counsel testified at the hearing held on June 3, 2009, and states in his affidavit that he advised Petitioner of the Government's plea offer on the day he received it, September 28, 2008. Counsel testified he discussed the contents of the letter describing the plea and the benefits of entering a plea to the single count of possession of cocaine with intent to distribute with Petitioner. Counsel met with the

Petitioner eight times prior to trial. Counsel states that he explained the principle of relevant conduct and its effect on sentencing from the time he was appointed through sentencing. He also testified he discussed with Petitioner the benefit of entering a plea of guilty. Counsel testified the severe consequences that would be incurred from an adverse jury verdict were discussed at length during his representation. Therefore, the deficiencies complained of do not rise to the level of ineffective assistance of counsel during the pre-trial stage as set forth in *Strickland*.

Petitioner also argues counsel was ineffective for failing to make a *Jencks* motion or objection when DEA Special Agent Garth Hamelin testified at sentencing. He further contends his attorney was ineffective because his inaction at trial waived the *Jencks* issue at the appellate level.

Counsel was not ineffective regarding a *Jencks* issue at sentencing because there was no *Jencks* issue at sentencing. Assistant United States Attorney Rob Wallace called Special DEA Agent Garth Hamelin to testify at the sentencing hearing in response to Petitioner's request for downward departure. Petitioner alleges his counsel was ineffective for failing to object to the testimony for failure to provide *Jencks* material regarding Hamelin after he testified. However, there was no *Jencks* material to request or to object to. Assistant United States Attorney Rob Wallace also testified at the hearing conducted on June 3, 2009, and states in the attached affidavit

that all discoverable materials prepared by DEA Special Agent Garth Hamelin were provided to Petitioner's counsel as part of the discovery in the case. AUSA Wallace further states that Hamelin did not testify before the grand jury and a transcript of his grand jury testimony was turned over in discovery. Since there was no *Jencks* material that should have been produced, counsel could not have been ineffective for failing to object to its non-production.

Accordingly, for the reasons stated herein, Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, is hereby denied.

**IT IS SO ORDERED** this 6th day of July, 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma