IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| v. | ) Criminal Case No. CR-06-00015-005-RAW |
| | ) |
| DANIEL RAY GRAYSON, | ) |
| | ) |
| Defendant/Movant. | ) |

## ORDER

Now before the court is a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) ("motion") filed by *pro se* Defendant Daniel Ray Grayson ("Defendant"). [Doc. 479]. The Government filed a response in opposition to Defendant's motion. [Doc. 489]. Defendant did not file a reply, but he filed additional documents with signatures from members of the public in support of his motion. [Docs. 490, 491, and 492]. This matter is ripe for ruling.

A federal grand jury returned an Indictment in February of 2006 charging Defendant and eight co-defendants with conspiracy to possess with intent to distribute methamphetamine, marijuana, and powder cocaine in violation of 21 U.S.C. § 846. Defendant's co-defendants pleaded guilty, and Defendant was tried alone. The jury found Defendant guilty of the conspiracy charge and further found, in response to a special interrogatory, that the amount of methamphetamine involved in the conspiracy was in excess of fifty grams, but that the offense did not involve at least 50 kilograms of marijuana. The United States Probation Office prepared a Presentence Report ("PSR"). Based upon a total offense level of 41 and a criminal history category of IV, Defendant's estimated guideline range was 360 months to life. [*PSR* at ¶ 69]. On January 19, 2007, Defendant was sentenced to a total of 360 months of imprisonment. [Doc. 350]. Judgment was entered on January 25, 2007. [Doc. 360]. Defendant appealed, and the judgment of the court was affirmed by the Tenth Circuit. *United States v. Grayson,* 258 Fed.Appx. 170 (10th Cir. Nov. 30, 2007) (unpublished), *cert. denied,* 128 S.Ct. 1725 (2008). Defendant then filed a motion pursuant to 28 U.S.C. § 2255 with the court. [Doc. 414]. The § 2255 motion was denied on July 6, 2009. [Doc. 415]. Defendant again appealed, and the Tenth Circuit denied his COA

request and dismissed the appeal. *United States v. Grayson*, 364 Fed.Appx. 407 (10th Cir. Jan. 25, 2010) (unpublished).

Defendant is an inmate at FCI Texarkana. He is 46 years old and his projected release date is March 5, 2034.[1] Defendant again seeks compassionate release.[2] He first alleges that his mother needs a caregiver, and that "she is in bad health and needs [his] assistance." [Doc. 479-1 at 2]. Defendant acknowledges that he has "other family" but asserts "that don't mean that she has their help." *Id*. Next, Defendant contends that he is serving an unusually long sentence. [Doc. 479-2 at 1-10]. Defendant also claims he is eligible for relief under Amendment 821 to the Sentencing Guidelines. [Doc. 479-3 at 1-3]. He attaches numerous documents to the motion, including a letter from his mother and her medical records, letters from other family members and community members, and records from the BOP. Defendant has completed numerous programs while incarcerated, he has not had a disciplinary infraction in the last three years, and records show a "low risk recidivism level." [Doc. 479-5 at 6].

The First Step Act, effective December 21, 2018, amended 18 U.S.C. § 3582(c)(1)(A) to authorize a defendant to move the sentencing court for a sentence reduction for "extraordinary and compelling reasons."[3] *See* First Step Act of 2018, Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5239 (2018). In the case at hand, the Government does not dispute that Defendant has exhausted his administrative remedies. [Doc. 489 at 4]. The Government, however, argues that Defendant's "[r]elease is not warranted by his family's caregiving needs." *Id*. at 7. In addition, the Government

---

[1] *See* BOP inmate locator, https://www.bop.gov/inmateloc/ (last visited July 24, 2025).
[2] Defendant previously filed other motions requesting a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). Defendant's first § 3582 motion was filed on November 6, 2020. [Doc. 454]. On November 16, 2020, Defendant filed a motion to withdraw the § 3582 motion "due to typographical error", which was granted. [Docs. 456 and 457]. On the same day, Defendant's second § 3582 motion was filed with the court. [Doc. 458]. The Government filed an objection to the second § 3582 motion, Defendant filed a reply, and the undersigned entered an order denying the second § 3582 motion. [Docs. 461, 466, and 467]. Defendant appealed, and the Tenth Circuit Court of Appeals affirmed the decision of this court. [Doc. 477]. *United States v. Grayson*, No. 21-7007, 2022 WL 2188009 (10th Cir. June 17, 2022) (unpublished). The Tenth Circuit held that "[t]he district court did not abuse its discretion in finding that Grayson failed to show extraordinary and compelling circumstances, or that a reduction was not warranted under the sentencing factors." *Id*. at *1.
[3] Prior to the First Step Act, a motion for compassionate release could only be brought by the Director of the Bureau of Prisons.

claims his "[r]elease is not warranted by the length of Defendant's sentence." *Id*. The Government more specifically argues as follows:

> Even if he could demonstrate a change in the law, Defendant cannot simply claim his sentence was "long." The recent amendment clearly requires that a change in the law must be the cause of any disparity. Here, Defendant was sentenced under the appropriate law and sentenced at the low end of the guideline range which was 360 months to life. He was sentenced to a longer term than his co-defendants, but all of his co-defendants chose to admit their crimes and cooperate with the government. He should not now be allowed to complain of a sentencing disparity when he, as was his right, chose to roll the dice and proceed to a jury trial. He was not a minor player in this conspiracy, but a mid-level manager who provided enforcement services for the organization.

*Id*. Moreover, the Government explains that Defendant is not eligible for relief under Amendment 821, and further asserts that "[r]elease is not justified merely by rehabilitation efforts or a workable release plan." *Id*. at 8. Lastly, the Government argues that Defendant's release would endanger the community and is not warranted under the Section 3553(a) factors. *Id*. at 9.

18 U.S.C. § 3582(c)(1)(A) authorizes this court to modify a term of imprisonment, upon a motion filed by a defendant, after the defendant has complied with the statute's exhaustion requirement. A defendant satisfies the exhaustion requirement "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

It appears from the record that this court has authority to consider modification of Defendant's sentence. Defendant requested relief from his warden on June 23, 2024, and the motion was filed with the court on August 28, 2024. [Doc. 479-8 at 2]. The Government does not dispute that Defendant has exhausted his administrative remedies. [Doc. 489 at 4]. Accordingly, Defendant is entitled to move this court for relief.

The Tenth Circuit Court of Appeals reviewed the history and text of 18 U.S.C. § 3582(c)(1)(A)(i) and provided the following guidance to courts considering compassionate-release motions:

> Under the plain language of the statute, a district court may thus grant a motion for reduction of sentence, whether filed by the Director of the BOP or a defendant, only if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021); *see also United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). The Circuit further explained that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *McGee*, 992 F.3d at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)); *see also United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021) ("If the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

On November 1, 2023, the Sentencing Commission issued an applicable policy statement for compassionate-release motions filed directly by defendants with the courts. U.S.S.G. § 1B1.13(b), Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement). Under the policy statement, the Sentencing Commission has determined that "extraordinary and compelling reasons exist" if a defendant establishes any of the following circumstances or a combination thereof:

> (1) Medical Circumstances of the Defendant.--
>   (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>   (B) The defendant is--
>     (i) suffering from a serious physical or medical condition,
>     (ii) suffering from a serious functional or cognitive impairment, or
>     (iii) experiencing deteriorating physical or mental health because of the aging process,
>     that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

 (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
 (D) The defendant presents the following circumstances--
  (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
  (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
  (iii) such risk cannot be adequately mitigated in a timely manner.

(2) Age of the Defendant.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) Family Circumstances of the Defendant.--
 (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
 (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
 (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
 (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) Victim of Abuse.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
 (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
 (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
 that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
 For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or

> a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.
>
> (5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(1)–(6).

The court does not find extraordinary and compelling reasons justifying release in the case at hand. Defendant first argues that his mother is in need of a caregiver, and he attaches a letter from his mother and her medical records for the court's review. [Doc. 479-1 at 2-5, 10-72]. Defendant's mother notes, in part, that she has breathing issues, lower lumbar spondylosis, spinal stenosis, arthritis, fibromyalgia, heart issues, high blood pressure, high cholesterol, major depression, and anxiety. *Id*. at 4-5. She also adds that her husband "has trouble balancing and walking," and "stumbles and falls a lot." *Id*. at 4.

Be that as it may, Defendant's mother specifically refers to Defendant's brothers, as well as Defendant's children (who are now adults).[4] *Id*. at 5. She briefly refers to her husband, who lives within the same home. *Id*. at 4. And, based upon the number of letters from other family members attached to the motion, Defendant has a sizeable extended family. In other words, Defendant has not shown that he is the only available caregiver for his mother. Nor has he shown that his mother is incapacitated. "The *incapacitation* of a defendant's parent" can be an extraordinary and compelling reason justifying release "*when the defendant would be the only available caregiver for the parent*." *See* U.S.S.G. § 1B1.13(b)(3)(C) (emphasis added); *see also, e.g., United States v. Davis*, 2024 WL 4436600, at *2 (D. Kan. Oct. 7, 2024) (concluding that

---

[4] The PSR shows Defendant's parents were divorced when he was five or six years of age. *PSR* at ¶ 60. Defendant also has a half-brother, but it is not clear which parent the Defendant shares with his half-brother. *Id*.

defendant was not the only available caregiver because the defendant's three sisters could help despite the sisters having busy lives and ultimately denying defendant's § 3582 motion).

Defendant next contends that he is serving an unusually long sentence, and that his post-sentencing rehabilitation efforts, are extraordinary and compelling reasons justifying release. The court is not persuaded. Defendant's guideline range was 360 months to life. [*PSR* at ¶ 69]. Defendant was sentenced to 360 months of imprisonment. In other words, Defendant was sentenced at the low end of the applicable sentencing guideline range. He did not receive an unusually long sentence. Further, he has failed to show that a change in law produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(6). And though the court acknowledges Defendant's rehabilitation efforts, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d). Again, the court does not find extraordinary and compelling reasons warranting compassionate release under step one of the test adopted by the Tenth Circuit in *McGee*.

In addition, the court is convinced that Defendant's claim for compassionate release fails to satisfy step three of *McGee*. The applicable factors under 18 U.S.C. § 3553(a) do not support a reduced sentence. In an Order and Judgment filed in 2007, the Tenth Circuit noted, in part, that Defendant "met with a Gainsville resident named Elijah Salazar, who was a member of a Chicago-based street gang called Satan's Disciples, and agreed to begin distributing methamphetamine and marijuana 'fronted' to him by Salazar." *See United States v. Grayson,* 258 Fed.Appx. 170, 172 (10th Cir. Nov. 30, 2007) (unpublished). The Tenth Circuit also noted that Defendant "quickly proved adept at distributing methamphetamine, progressing from distributing two ounces at a time to *distributing up to a pound or more per week.*" *Id*. (emphasis added). In short, Defendant distributed a significant amount of methamphetamine within Oklahoma.

In the previous order entered on March 8, 2021, the undersigned concluded that the factors under 18 U.S.C. § 3553(a) did not support Defendant's request for compassionate release. The following analysis was provided by the court:

> The court has also considered Defendant's arguments in conjunction with Defendant's history and characteristics, the offense conduct, the need for just

7

> punishment, deterrence, and protection of the public. As noted by the Government, Defendant is a felon with an active criminal history, starting with his first arrest at the age of 19. [PSR at ¶¶ 46-52]. Defendant was subject to suspended sentences in multiple cases at the time he committed the instant offense. *Id*. at ¶ 53. Based upon a total offense level of 41 and a criminal history category of IV, Defendant's estimated guideline range was 360 months to life. Defendant was ultimately sentenced to 360 months of imprisonment. Such sentence reflected the serious nature of the criminal conduct charged.

[Doc. 467 at 7].

After considering Defendant's arguments in conjunction with the § 3553(a) factors, the court again reaches the same conclusion. The undersigned imposed a sentence at the low end of the guidelines range, and Defendant's sentence would be no different if he was sentenced today. Defendant's projected release date is March 5, 2034. Reducing Defendant's sentence to time served would produce a sentence that no longer reflects the seriousness of Defendant's criminal conduct. And the court has a duty to protect the public. The § 3553(a) factors do not warrant a reduction of his sentence.

Lastly, Defendant is not eligible for relief under Amendment 821 to the Sentencing Guidelines. The Government reminds the court that "[a] defendant is not eligible for consideration where application of the new amendment does not change the original guideline range (prior to any departure or variance)." [Doc. 489 at 8]. The Government points out that "[w]ith respect to the status points provision, the removal of 1 or 2 status points from Defendant's criminal history points does not change the original criminal history category." *Id*. Indeed, even assuming that his criminal history points changed from 9 to 8 (or even 7), his criminal history category would still be a IV, which does not change the guideline range.[5]

---

[5] On September 3, 2024, the court entered a minute order directing the Office of the Federal Public Defender to review Defendant's case pursuant to General Order 23-14 to determine Defendant's potential eligibility for retroactive application of Amendment 821. [Doc. 480]. An Assistant Federal Public Defender filed a status report on September 17, 2024. [Doc. 481]. Counsel noted that he "reviewed the Court file, the PSR, and the Judgment in this case, along with Mr. Grayson's *pro se* motion," and based upon the review, counsel did "not anticipate seeking appointment or filing anything further pursuant to General Order 23-14 regarding retroactive application of Amendment 821 . . . ." *Id*. at 1.

Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) ("motion") [Doc. 479] is DENIED.

It is so ordered this 28th day of July, 2025.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA